*Lewis, Leslie, for appellant.*

*Gatewoods, Craddock, for appellees.*

---

JOHN HEATH, ETC., *v.* S. A. DAVIS, ETC.

**Deeds—Cancellation.**

Where a contractor for the sale of land reserves to the vendors the coal, oil, and mining privileges, but the deed executed does not contain such reservation, the deed should be canceled and a new deed executed containing the proper reservation.

APPEAL FROM UNION CIRCUIT COURT.

February 5, 1873.

OPINION BY JUDGE LINDSAY:

The five members of the firm or company who were present and participated in the purchase of the lands at the commissioner's sale of the assets of the Highland Coal Company, authorized Murchoff to make with other parties desiring to purchase lots any arrangement he might deem proper, and agreed that they would confirm and

appprove such arrangements. All the testimony in the case conduces to establish this conclusion, and Casey, one of the members of the firm who was present, states unequivocally that such was the fact.

The appellant Heath was present, and certainly acquiesced in the agreement. Bush claims title through the purchase made at the time by his five partners who were present, and can take no higher or greater interest in the property than they purchased, nor can he now set aside the contracts with third parties, by and through which they were enabled to make the purchases upon possibly more favorable terms than otherwise could have been secured.

It is not necessary that we should decide whether or not the arrangements in question were contrary to public policy. It is sufficient that the appellees are not seeking to enforce their contracts. They only ask to be left in the undisturbed possession of property they now hold under a fully executed contract, and are resisting the claims of those who were equally concerned with the parties to these arrangements.

The proof is not clear as to the description or number of lots Murchoff agreed that Davis and Higginson should have, but he must be regarded as acting for the company when he executed the assignment to Davis, and the order to Higginson (both of which papers were executed within a short time after the sale), and as doing nothing more than carrying out in good faith the agreements made with them on the day of the sale, and it is but fair and reasonable to conclude that the description and number of the lots are correctly set out in these papers. The circuit judge therefore did not err in refusing to hold that the lots conveyed to Davis and to Higginson's heirs are subject to the liens sought to be enforced by Bush and Heath.

But as the agreement evidenced by the papers executed by Murchoff reserves the coal, oil and mining privileges to the company making the purchase, the court in this suit should have vacated their deeds and caused the commissioner to make to them new conveyances containing the proper exceptions or reservations.

To this extent the judgment is reversed and cause remanded for further proceedings consistent with this opinion.

*W. P. D. Bush, for appellant.*

*James, for appellees.*